**XIAO MEI LIN, Petitioner,**

v.

**Alberto R. GONZALES [1], Respondent.**

No. 04–5387–ag.

United States Court of Appeals,
Second Circuit.

Aug. 9, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

**30**

Thomas V. Massucci, New York, NY, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Leslie Matuja Wizner, Assistant United States Attorney, Detroit, MI, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Xiao Mei Lin (A95–455–445) petitions for review of the BIA's September 2004 decision in which the BIA affirmed Immigration Judge ("IJ") Philip L. Morace's order denying Lin's applications for asylum, withholding of removal and Convention Against Torture ("CAT") relief, and ordering her removed. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir. 2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ The IJ determined that portions of Lin's testimony lacked a sufficient level of detail, specificity, and plausibility. The IJ first determined implausible Lin's claim that her mother practiced Falun Gong in public despite the Chinese government's crackdown on the practice. Next, the IJ found implausible that the police had any interest in persecuting Lin because of her association with Falun Gong members. Specifically, the IJ relied on the following pieces of information: the fact that the police focused their interrogation on her mother; that they had placed Lin in an unsecured room for two hours while they interrogated Lin's mother; that they allowed Lin to go to an unsecured bathroom without being escorted; and that the police had not arrested or detained Lin's father, who lives with her mother. We see no reason to disturb the IJ's findings here.

*See Ming Xia Chen v. BIA,* 435 F.3d 141, 142 (2d Cir.2006).

■ Lastly, the IJ did not believe that Lin's father had recently told her that the police were still looking for her back in China, because Lin so testified only after being confronted with her mother's affidavit and its lack of specificity. However, the IJ's recitation of this account does not coincide with the record. Despite this discrepancy, the IJ's reasoning is nonetheless sound. Lin's only corroborating evidence was that of her mother's affidavit, which provided little information regarding the police's current interest in Lin's whereabouts. The only other evidence Lin offered was her testimony of a phone conversation with her father that occurred just a few days prior to the hearing. Given the IJ's adverse findings regarding Lin's credibility, such evidence fails to sufficiently establish a well-founded fear of persecution and the IJ was thus correct in finding it implausible.

■ Because Lin failed to carry her burden for asylum, she cannot establish her eligibility for withholding of removal either. *See Abankwah v. INS,* 185 F.3d 18, 22 (2d Cir.1999). Having failed to establish an objectively reasonable fear of persecution, Lin necessarily failed to establish a clear probability that her life or freedom would be threatened. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). In addition, the IJ properly rejected Lin's CAT claim, holding that there was no evidence in the record to warrant a finding that Lin was more likely than not to be tortured in China. Because "both the scope of the IJ's credibility finding and its fatal effect on the factual basis of [Chen's] CAT claim are readily apparent," we uphold the IJ's denial of that claim. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.